Date Signed:
January 27, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROBERT N. MORAN,<br><br>        Debtor. | Case No. 10-03696<br>Chapter 11 |
| ROBERT N. MORAN, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>U.S. BANK, N.A., AS CUSTODIAN, et al.,<br><br>        Defendant. | Adv. Pro. No. 13-90073<br><br><br><br><br><br>Re: Docket No. 4 |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this adversary proceeding, the debtor in possession and his wife challenge a claim secured by a first mortgage on their residence. They allege that the mortgage was originated by an unlicensed mortgage broker and is therefore void. The current holder of the loan argues that all of the claims are time-barred,

that it is entitled to an equitable lien or equitable subrogation if the mortgage is void, and that the claims for breach of the duty of good faith and fair dealing are not viable. I agree with the lender on the third point but not the first or second points.

**Facts**

In 1995, Mr. and Mrs. Moran entered into a mortgage loan transaction with Applied Capital Mortgage Inc. ("ACM"). The parties agree that ACM acted as a mortgage broker in the transaction and did not hold a Hawaii mortgage broker's license. A portion of the loan proceeds were apparently used to repay an existing loan and discharge a mortgage lien on the same property.

After a long and tortuous process, the ACM note and mortgage ended up in the hands of defendant U.S. Bank, as custodian for a securitization trust. U.S. Bank obtained leave to file a late proof of claim in this chapter 11 case.

Mr. and Mrs. Moran filed an objection to the claim and a counterclaim seeking various relief. The Morans rely on the then-applicable Hawaii statute which provided that contracts with unlicensed mortgage brokers are "void and unenforceable." Haw. Rev. Stat. § 454-8 (repealed 2011). *See Beneficial Hawaii, Inc., v. Kida*, 96 Haw. 289, 30 P.3d 334 (Haw. 1996).

2

U.S. Bankruptcy Court - Hawaii   #13-90073   Dkt # 24   Filed 01/27/14   Page 2 of 9

## Jurisdiction

The bankruptcy court has personal and subject matter jurisdiction and both statutory and constitutional authority to enter a final judgment.

## Procedure

U.S. Bank's motion purports to be a motion to dismiss under Fed. R. Civ. P. 12, but it includes a declaration and hundreds of pages of exhibits. Therefore, I will treat it as a motion for partial summary judgment. *See* Fed. R. Civ. P. 12(d).

## State Law Statute of Limitations

U.S. Bank argues that the statute of limitations bars the Morans' contentions that the loan and the mortgage are void under state law.

"A statute of limitations should be used only as a shield, not a sword. Indeed, courts generally allow defendants to raise defenses that, if raised as claims, would be time-barred." *City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003). But there is an exception: courts will not allow a party to "engage in a subterfuge to characterize a claim as a defense in order to avoid a temporal bar." *Id.* at 1035. The court must examine "the respective roles of the parties in the litigation as a whole," make a "realistic assessment of the parties' litigation posture," and make sure that "the party asserting the defense is not, simultaneously or in parallel litigation, seeking affirmative recovery on an identical claim." *Id.*

3

The court must determine which party is the "aggressor" that is attempting to change the relations of the parties.

U.S. Bank is the "aggressor" in this case. U.S. Bank filed a proof of claim asserting that Mr. Moran is liable on the ACM note and mortgage. Filing a proof of claim is comparable to filing an action on the claim in a nonbankruptcy court. U.S. Bank was not compelled to file its proof of claim. "A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim," dkt. 48, in the main case, at 2. U.S. Bank says that the Morans' property is worth more than enough to cover the ACM mortgage, so U.S. Bank surely would be paid in full (if its claim is valid) even if it didn't file a proof of claim. The Morans are defending themselves against the claim filed by U.S. Bank by asserting that Hawaii regulatory law renders that claim void. While U.S. Bank did not have to file its proof of claim, the Morans did have to object to it once U.S. Bank filed it, because a filed claim is allowed unless someone objects. 11 U.S.C. § 502(a).

Applying the statute of limitations to the Morans' claims in this case would lead to a bizarre result. By virtue of section 454-8, the loan agreement is void. But if the statute of limitations applies in the way that U.S. Bank contends, the loan agreement would become unvoid six years later.

Even if the Morans' contentions would be time-barred if asserted in an

4

independent action for declaratory relief, *see Branco v. Norwest Bank Minnesota, N.A.*, 381 F.Supp. 2d 1274 (D. Haw. 2005), the Morans may assert them as a shield against U.S. Bank's proof of claim. Restatement (Second) of Contracts § 178(1).

**Laches**

U.S. Bank argues that laches bars the Morans' contentions. Laches is an equitable doctrine that requires consideration of the length and causes of any delay *and* any prejudice to the defendants caused by the delay. 11A Charles Alan Wright & Arthur Miller, et al., Federal Practice and Procedure, § 2946 (2d ed. 2013).

On the current record, U.S. Bank has not established either of these points. The delay is partly U.S. Bank's fault; it took a shockingly long time for U.S. Bank and its predecessors to figure out which of them actually held the ACM note, a fact which one would expect a responsible financial institution to have at its fingertips. On the question of prejudice, U.S. Bank says that it will have difficulty gathering evidence because ACM has gone out of business, but it is not clear that this is so. ACM's lack of a license is conceded, and the exemptions to the licensing requirement turn on facts that are probably matters of public record.

U.S. Bank may renew its laches argument if it can establish, after

5

investigation and discovery, that specific facts necessary to establish the applicability of one of the exceptions has become unavailable during the delay in the commencement of these proceedings and that the other requirements of the laches doctrine are met. If U.S. Bank decides to renew this argument, the parties can also address whether the equitable doctrine of laches applies at all, and whether it can trump a statute like section 454-8 that declares certain contracts void.

## Equitable Remedies

U.S. Bank argues that it is entitled to a lien on the property under equitable lien and equitable subrogation theories.

Mr. Moran is a debtor in possession under chapter 11. He therefore has the status and rights of a bona fide purchaser of his interest in the property, without regard for any actual knowledge he has. 11 U.S.C. § 544(a)(3). A bona fide purchaser of Mr. Moran's interest in the property would take the property free of U.S. Bank's equitable claims.

Further, these equitable doctrines will not be employed if they would work injustice to the rights of others. *Chase Manhattan Bank USA, N.A., v. Taxel (In re Deuel)*, 594 F.3d 1073, 1079-80 (9th Cir. 2010). If this were a dispute between only Mr. Moran and U.S. Bank and Mr. Moran lacked the powers of a bankruptcy

6

trustee, equity might intervene to relieve U.S. Bank of the consequences of its purchase of a void mortgage loan. But this case involves the interests of third parties – Mr. Moran's other innocent creditors – and there is no equity in giving priority to one victim over others.

U.S. Bank argues that voiding its mortgage will benefit only Mr. Moran, not his creditors. The premise is incorrect and the conclusion does not follow. Mr. Moran has proposed a plan that provides for full payment of all creditors over time. The liquidation analysis and budget on which the plan is based both assume that the first mortgage is void and that Mr. Moran will not have to make payments on it. If the mortgage is valid, the creditors would probably receive less (or would receive payments over a longer time, which amounts to the same thing). Therefore, voiding the mortgage would benefit the creditors. Even if creditors would be paid in full regardless, however, Mr. Moran could still avoid the mortgage and cut off equitable claims. The Bankruptcy Code allows avoidance "for the benefit of the estate," 11 U.S.C. § 550 (emphasis added). The "estate" is not synonymous with the "creditors." Rather, the "estate" is a collection of property. 11 U.S.C. § 541(a). Many parties have interests in the estate, including the creditors and the debtor. A trustee or debtor in possession can assert avoidance claims even if only the debtor would benefit. *See Acequia, Inc. V.*

*Clinton (In re Acequia)*, 34 F.3d 800, 811-12 (holding that a chapter 11 trustee may avoid an interest under § 544(b) even if it may result in a windfall to the debtor)*; see also Coleman v. Cmty. Trust Bank (In Re Coleman)*, 426 F.3d 719 (4th Cir. 2005) (holding that the court must allow the debtor in possession to avoid a lien under § 544(b) even if it results in a windfall to the debtor).

Mrs. Moran is not in bankruptcy and therefore is not a deemed bona fide purchaser of the property. Nothing in the record suggests that she has other unpaid creditors. But she and her husband own the property as tenants by the entireties, and it is ordinarily impossible to transfer or encumber only one spouse's interest in entireties property. *Sawada v. Endo*, 57 Haw. 608, 614 (Haw. 1977). Avoiding the mortgage only on Mr. Moran's interest would raise difficult questions of state law that the parties have not briefed.

I will therefore deny U.S. Bank's motion on the issues of equitable subrogation and equitable lien. In Mr. Moran's case, it is clear that the doctrines do not apply and, in Mrs. Moran's case, it is not clear that they do apply.

### The Morans' Damages Claims

The Morans' third objection to U.S. Bank's claim and Count 4 of their counterclaim assert that U.S. Bank breached the implied duty of good faith and fair dealing by failing to assert its claim and prove its ownership of the ACM note

8

until a late date. There is no precedent supporting this creative theory. Even if the theory of liability were viable, the Morans have no coherent theory of damages. It would be one thing if the Morans were prepared to pay off their mortgage debt but could not do so because the mortgagee had not surfaced, but that is not alleged. Based on the proof of claim, the Morans apparently made no mortgage payments since shortly before their bankruptcy filing. The Morans did not incur extra interest because of the lender's conduct; they incurred extra interest because they did not repay the mortgage debt. U.S. Bank is entitled to summary judgment on these claims.

## Conclusion

U.S. Bank's motion is GRANTED in part:the Morans' third objection to U.S. Bank's claim and Count IV of their counterclaim are DISMISSED. In all other respects, the motion is DENIED.

U.S. Bankruptcy Court - Hawaii   #13-90073   Dkt # 24   Filed 01/27/14   Page 9 of 9