Date Signed:
September 4, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROBERT N. MORAN,<br><br>      Debtor. | Case No. 10-03696<br>Chapter 11 |
| ROBERT N. MORAN, et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>U.S. BANK, N.A., AS CUSTODIAN, et al.,<br><br>      Defendant. | Adv. Pro. No. 13-90073<br><br><br><br>Re: Docket No. 27 |

### MEMORANDUM OF DECISION ON
### MOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary proceeding, the debtor in possession and his wife challenge a claim secured by a first mortgage on their residence. They seek partial summary judgment on their contentions that the promissory note and mortgage are

void because an unlicensed mortgage broker originated the loan. Genuine disputes of material fact preclude summary judgment at this juncture.

In 1995, Mr. and Mrs. Moran signed a promissory note and a mortgage in favor of Applied Capital Mortgage, Inc., a California corporation ("ACM").

The loan was "table funded." Although ACM is the payee under the note and the mortgagee under the mortgage,[1] ACM did not actually fund the loan. Instead, Countrywide Financial Corporation or one of its affiliates did. Many documents pertaining to the loan refer to Countrywide as the lender and "Applied Capital," "Applied Capital Mortgage," "Applied Capital Mortgage Inc.," or "Applied Capital Group" as the loan broker.[2]

Eventually, the ACM note and mortgage ended up in the hands of defendant U.S. Bank, as custodian for a securitization trust.

After Mr. Moran filed a chapter 11 bankruptcy case, Mr. and Mrs. Moran filed an objection to the claim and a counterclaim seeking various relief. The Morans rely on the then-applicable Hawaii statute which provided that contracts with unlicensed mortgage brokers are "void and unenforceable."[3]

---

[1] Dkt. 28-1 at 8, 13, 23.

[2] Dkt. 28-1 at 24, 26, 29, 31, 32, 33, 34, 35, 38

[3] Haw. Rev. Stat. § 454-8 (repealed 2011).

2

U.S. Bankruptcy Court - Hawaii   #13-90073   Dkt # 78   Filed 09/04/14   Page 2 of 4

Before the legislature repealed the statute, the Hawaii Supreme Court held that it applied to "table funded" loans like the Morans' and that it rendered such loans largely unenforceable (absent equitable relief).[4]

Two uncertainties in the record preclude summary judgment at this point.

First, the Morans must show that an unlicensed mortgage broker was involved in the transaction. ACM has never had a mortgage brokers license under Hawaii law.[5] But TM Hogan, Inc., a Hawaii corporation, did have a mortgage brokers license during 1995, and it was the registrant of the trade name "Applied Capital Mortgage Inc." during almost all of 1995.[6] There is no information in the record about the relationship, if any, between ACM and the duly licensed Hawaii mortgage broker that used ACM's name as its trade name.

Second, the Morans must show that ACM was compensated or expected compensation. Under the statute that was in effect in 1995, a "'[m]ortgage broker' means a person not exempt under section 454–2 who *for compensation or gain, or in the expectation of compensation or gain*, either directly or indirectly makes, negotiates, acquires, or offers to make, negotiate, or acquire a mortgage loan on

---

[4] *See Beneficial Hawaii, Inc., v. Kida*, 96 Haw. 289, 306-08, 30 P.3d 895, 912-15 (Haw. 1996).

[5] Dkt. 68 at 24.

[6] Dkt. 68 at 26.

3

U.S. Bankruptcy Court - Hawaii   #13-90073   Dkt # 78   Filed 09/04/14   Page 3 of 4

behalf of a borrower seeking a mortgage loan [emphasis added]."[7] The record indicates that a check was issued at the loan closing to "Applied Capital Mortgage," with a California address.[8] The record does not exclude the possibility that these funds were actually paid, not to the unlicensed California corporation, but rather to the duly licensed Hawaii entity that used "Applied Capital Mortgage, Inc." as its trade name.

**END OF DECISION**

---

[7] HRS § 454–1 (1993).

[8] Dkt. 28-1 at 40-41.

U.S. Bankruptcy Court - Hawaii   #13-90073   Dkt # 78   Filed  09/04/14   Page 4 of 4